FILED
2020 Feb-05 PM 03:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **TRACIE JONES,** | } |
| Plaintiff, | } |
| v. | } Case No.: 2:19-cv-01784-RDP |
| **DEBORAH CHANCE, et al.,** | } |
| Defendants. | } |

**MEMORANDUM OPINION**

This case is before the court on Defendant AssuranceAmerica Insurance Company's ("AssuranceAmerica") Motion to Dismiss pursuant to 28 U.S.C. § 1332 and Federal Rule of Civil procedure 12(b)(6). (Doc. # 15). The Motion has been fully briefed (*see* Doc. # 15, 19, 21) and is ripe for review. After careful review, and for the reasons discussed below, Defendant's Motion (*see* Doc. # 15) is due to be granted, and Plaintiff's Complaint is due to be dismissed without prejudice as against all Defendants.

**I.    Background**

Plaintiff Tracie Jones Thomas claims this court has diversity jurisdiction over this action. *See* 28 U.S.C. § 1332. Plaintiff owns real property located at 2331 9th Ave. N, Bessemer, Alabama 35020. (Doc. # 4). In her Complaint filed on November 1, 2019, Plaintiff alleges that on two separate occasions (January 5, 2018 and January 19, 2018), Defendant Deborah Chance entrusted Defendant Willie Turner with her vehicle; that, as a result, Turner crashed into the building that Plaintiff owns and operates; and that those crashes caused property damage. (Doc. # 1 at 5).

Plaintiff seeks $100,000 in property damages and $100,000 in emotional distress damages.

She claims that Chance negligently entrusted her vehicle to Turner "knowing that he was not on her insurance," and that Turner acted negligently and wantonly, causing her severe emotional distress. (*Id.* at 6). Plaintiff named Chance's insurance company, AssuranceAmerica, as a party because it has "refuse[d] to pay on 1 claim even though the client [(*i.e.*, Defendant Chance)] has [insurance] and their [sic] client was in the wrong." (Doc. # 1 at 2).

## II. Standard of Review

Two different standards of review apply to the issues raised on this motion .

### A. Diversity of Citizenship Under 28 U.S.C. § 1332

Under 28 U.S.C. § 1332(a), a district court has subject-matter jurisdiction based on diversity if the amount in controversy exceeds $75,000 and the case is between citizens of different states. For diversity to exist there must be complete diversity: "[E]very plaintiff must be diverse from every defendant." *McConico v. Cochran Firm*, 581 F. App'x 838, 839 (11th Cir. 2014) (quoting *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)). "When invoking federal jurisdiction based on diversity, a plaintiff must allege facts showing diversity exists by 'includ[ing] the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant.'" *Id.* (quoting *Travaglio v. Am. Expresss Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013)). "It is the burden of the party seeking federal jurisdiction to demonstrate that diversity exists by a preponderance of the evidence." *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341 (11th Cir. 2011) (citation omitted). An individual is a "citizen" in the state where a he or she is domiciled (*i.e.*, the plaintiff can establish "both residence in a state and "an intention to remain there indefinitely"). *McConico*, 581 F. App'x at 839 (citing *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (per curiam)); *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013).

### B. The Rule 12(b)(6) Standard

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations of a complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. Appx. 136, 138 (11th Cir. 2011) (unpublished) (quoting *Am. Dental Assn. v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)). That task is context specific and, to survive the motion, the allegations must

permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Twombly*, 550 U.S. at 570.

**III. Analysis**

In its Motion to Dismiss, AssuranceAmerica asserts that (1) Plaintiff has failed to establish diversity jurisdiction; and (2) Plaintiff's claim fails as a matter of law because Plaintiff may not sue AssuranceAmerica under section 27-23-2 of the Alabama Code. The court addresses each argument, in turn, and concludes that Defendant's Motion is due to be granted, and Plaintiff's Complaint is due to be dismissed without prejudice as against all Defendants.

**A. Plaintiff Has Failed to Establish Subject-Matter Jurisdiction**

AssuranceAmerica argues that Plaintiff has not sufficiently alleged that complete diversity exists between the Plaintiff and Defendants. The court agrees. Plaintiff alleges that she is a citizen of the State of California and that she merely own real property (*i.e.*, the property in question) in Alabama. However, the only factual material as to Plaintiff's domicile is her unsworn statement and a picture of her California driver's license. (Doc. # 4, 19). This unsworn material, by itself, is insufficient to establish domicile for purposes of diversity jurisdiction. *Travaglio*, 735 F.3d at 1269 ("[A] sentence in an unsworn brief is not evidence"); *Id.* ("[T]o find defective jurisdictional allegations could be cured based exclusively on a plaintiff's self-serving argument about her own citizenship in a brief would be tantamount to permitting her to create jurisdiction simply by saying so."). This is particularly true given that Plaintiff, who seeks to invoke this court's jurisdiction, must demonstrate diversity by a preponderance of the evidence. Plaintiff has fallen far short of this required showing.

It is well settled that "the jurisdiction of the Court depends upon the state of things at the time of the action brought." *Grupo Data Flux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570 (2004). This action was filed on November 1, 2019, and that is this date which governs her citizenship for purposes of determining diversity jurisdiction (not her citizenship when the complained of events occurred—here, on January 5, 2018 and January 19, 2018). When Plaintiff filed this action, although she alleged she was a citizen of California in January 2018, as of the date of the suit's filing, November 1, 2019, she listed her address as 2230 4th Avenue N., Birmingham, Alabama 35203.[1] (Doc. # 1 at 1). On November 4, 2019, the court entered a Show Cause Order directing Plaintiff to show cause why the case should not be dismissed due to lack of subject matter jurisdiction. (Doc. # 3 at 1). On November 7, 2019, Plaintiff responded by claiming to be a citizen of the State of California (or at least a citizen of that state at the time of the events at issue in this lawsuit), and she included a redacted[2] picture of a California driver's license. (Doc. # 4 at 1-2). Of course, whether Plaintiff at any time has resided in California is not the controlling question here. The key question is where Plaintiff resided at the time this suit was filed. The record evidence indicates that, at the time this action was filed, Plaintiff had an Alabama address.

There is not even a colorable showing here that the parties are completely diverse. Therefore, as to all Defendants in this case, Plaintiff's Complaint is due to be dismissed without prejudice for lack of subject-matter jurisdiction.

### B. Plaintiff May Not Bring Suit Against AssuranceAmerica Due to Alabama's Direct Action Statute

Had Plaintiff sufficiently established subject-matter jurisdiction (and, to be sure, she has

---

[1] On November 18, 2019, Plaintiff filed a change of address and provided her new address as 2015 26th Avenue N., Birmingham, Alabama 35234. (Doc. # 6 at 1).

[2] One of the items redacted from the license is its expiration date, so it is not clear what timeframe the driver's license was actually operative.

not) her complaint would still be due to be dismissed as against AssuanceAmerica due to Alabama's Direct Action Statute. Section 27-23-2 of the Alabama Code, provides, in pertinent part:

> "Upon the recovery of a final judgment ..., if the defendant in such action was insured against the loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money provided for in the contract of insurance between the insurer and the defendant applied to the satisfaction of the judgment . . . ."

Ala. Code § 27-23-2; *see State Farm Mut. Auto Ins. Co. v. Brown*, 894 So. 2d 643, 647 (Ala. 2004). Alabama's Direct Action statute requires a plaintiff to obtain a final judgment against an insured before filing suit against an insurer. *See id.* at 648 (noting that "claims . . . against [an] insurance carrier[] [is] a form of direct action against . . . and not allowable under Alabama law because an injured party cannot bring a direct action against [an] insurance carrier, absent a final judgment against its insured") (quoting *Maness v. Ala. Farm Bur. Mut. Cas. Ins. Co., Inc.*, 416 So. 2d 979, 982 (Ala. 1982))). So, to be clear, a non-party to an insurance contract cannot bring a direct action against the insurer unless she has obtained a final judgment against the insured. *Id.*

But, this is exactly what Plaintiff is attempting to do here. There is nothing in Plaintiff's Complaint indicating that she has obtained a final judgment against Defendant Chance (the insured). Additionally, there is no suggestion -- apart from Plaintiff's claims that AssuranceAmerica has wrongfully refused to pay on at least one insurance claim -- that AssuranceAmerica "cause[d] an independent injury to" Plaintiff. *Brown*, 894 So. 2d at 648 (observing caselaw suggesting that "a plaintiff may not maintain a direct action against an insurer before a judgment has been rendered against the insured/alleged tortfeasor unless the insurer causes an independent injury to the plaintiff").

Thus, as a matter of law, her claim against AssuranceAmerica cannot, as a matter of law,

proceed.

**IV.     Conclusion**

For the reasons discussed above, Plaintiff's Complaint is due to be dismissed without prejudice as to all Defendants. An Order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this February 5, 2020.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE